UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ORLANDO SOTO, CONSERVATOR of the ESTATE OF ISRAEL SOTO,<br>    Plaintiff, | :<br>:<br>:<br>: |
| v. | :  No. 3:10-cv-106 (WWE) |
| | : |
| JOSEPH L. GAUDETTE, MARTIN HEANUE, DAMIAN CSECH, CHRIS ROBINSON, CHRISTOPHER STEPNIEWSKI, JANE DOE, JOHN DOE and CITY OF BRIDGEPORT,<br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>: |

## RULING ON MOTION FOR RECONSIDERATION

Plaintiff Orlando Soto, conservator of the estate of Israel Soto, has alleged several civil rights violations pursuant to 42 U.S.C. § 1983 against the City of Bridgeport, Chief of Police Joseph L. Gaudette, Officer Martin Heanue, Officer Damien Csech, Officer Chris Robinson, and Sergeant Christopher Stepniewski.

In a ruling dated October 22, 2015, this Court granted summary judgment, inter alia, on the claims against Sergeant Stepniewski based on his alleged beating of plaintiff after the tasing incidents.[1] Plaintiff has moved for reconsideration of this portion of the summary judgment ruling. Upon review, the Court will grant the motion for reconsideration.

Plaintiff asserts that Sergeant Stepniewski beat plaintiff with blows to the head while he was unresponsive and face down. Defendants argued that plaintiff cannot

---

[1]The Second Circuit recently reviewed this Court's ruling and found that it had no basis for appellate jurisdiction due to disputed issues of fact with the exception of the ruling on summary judgment as to defendant Csech.

offer any evidence of this alleged beating because there is no testimony, no police report, no witness reports or other circumstantial evidence that would raise an inference that such event occurred.  Plaintiff had supported his claim with an unverified letter from a medical expert.  The Court held that a reasonable jury's consideration of these claims against defendant Stepniewski would necessitate speculation.  However, plaintiff has now filed a sworn affidavit from the medical expert, Dr. Adam Mednick, a neurologist.  Plaintiff has also pointed out instances where the circumstantial evidence may support his claims against defendant Stepniewski based on the alleged battery.

The Court GRANTS the motion for reconsideration [doc. #144] and VACATES its prior ruling on the claims at issue against Sergenat Stepniewski.  Plaintiff's claims of excessive force and assault and battery alleged against Sergeant Stepniewski may proceed to a jury.

Dated at Bridgeport, Connecticut this 22d day of August, 2017.

/s/Warren W. Eginton
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE